UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL SCOTT S., <br><br> Plaintiff, <br><br> v. <br><br> MICHELLE KING,[1] Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 1:24-cv-00163-AKB-CWD <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before the Court is a Report and Recommendation (Report) entered by United States Magistrate Judge Candy W. Dale. (Dkt. 20) and Plaintiff Michael Scott S.'s Objection to that Report. (Dkt. 21). For the reasons explained below, the Court overrules the Objection, adopts the Report in its entirety, and affirms the Commissioner's decision.

## BACKGROUND

The Report correctly states the case's background. (Dkt. 20). On April 15, 2021, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, claiming disability beginning on November 15, 2020. The application was denied initially and, on reconsideration, an Administrative Law Judge (ALJ) conducted a telephonic hearing on January 31, 2023. The ALJ issued a decision on March 21, 2023, finding Plaintiff had not been under a disability since November 15, 2020, through the date of the decision. On January 30, 2024,

---

[1] Michelle King became the Acting Commissioner of Social Security on January 20, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Michelle King should be substituted for Carolyn Colvin as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**ORDER ADOPTING REPORT AND RECOMMENDATION -** 1

the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff filed a complaint in this Court seeking judicial review under the Social Security Act. (Dkt. 1). In his complaint, Plaintiff alleges substantial evidence does not support the ALJ's findings of fact and conclusions, which he contends are contrary to law and regulation. (*Id.* at ¶ 8). In his brief in support, Plaintiff raises three challenges to the ALJ's decision: (1) the ALJ did not adequately consider and explain his rejection of the opinion of Michael Metzger, D.O. (Dkt. 13 at p. 7); (2) the ALJ did not adequately consider and explain the rejection of the opinion of Jeremy Rampton, LCPC (*id.* at p. 10); and (3) the ALJ failed to provide clear and convincing reasons to reject Plaintiff's testimony about his subject symptoms including that he has difficulty standing for extended periods, has problems with lifting, and needs excessive breaks. (*Id.* at p. 13).

On December 30, 2024, the Magistrate Judge issued the Report recommending this Court affirm the Commissioner's decision. (Dkt. 20 at p. 24). Plaintiff timely objects to that Report. Plaintiff raises three objections. First, Plaintiff argues the Report improperly "framed the issues" by "focus[ing] on substantial evidence[] to the exclusion of [a] review of the ALJ's legal errors." (Dkt. 21 at p. 2). Second, Plaintiff argues the Report did not consider that "the ALJ fail[ed] to provide clear and convincing reasons for rejecting Plaintiff's subjective allegations" in violation of 20 C.F.R. § 404.1529(c). (Dkt. 21 at p. 3). Third, Plaintiff argues the Report did not address that the ALJ failed to consider Dr. Metzger's and LCPC Rampton's opinions in compliance with 20 C.F.R. § 404.1520c.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object

to a report and recommendation, this Court "shall make a de novo determination of those portions of the report to which objection is made." *Id.* Where, however, no objections are filed, the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, the Court has conducted a de novo review of those portions of the Report to which Plaintiff objects and the record in this matter.

## ANALYSIS

### A. Subjective Symptom Testimony

Plaintiff objects to the Report's conclusion that the ALJ properly rejected Plaintiff's testimony regarding his subjective symptoms. As the Report correctly notes, a two-step process applies to evaluate a plaintiff's testimony about the severity and limiting effects of his symptoms. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation omitted). Second, if there is no evidence of malingering, then the ALJ can only reject the plaintiff's testimony about the severity of his symptoms by giving clear and convincing reasons for the rejection. *Id.* (internal quotation omitted). If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986). The factors considered in weighing a claimant's credibility include, for example, a plaintiff's daily and work activities. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Applying this legal standard, the Report notes that the ALJ relied on "objective medical evidence and provider notes of normal examinations to discredit Plaintiff's testimony" and that "Plaintiff failed to point to any medical records establishing findings of abnormal physical exams,

or treatment for any symptoms." (Dkt. 20 at pp. 11, 12). Further, the Report notes that the ALJ "found Plaintiff's daily activities and work activity after the alleged onset date [were] inconsistent with Plaintiff's statements about the intensity, persistence, and limiting effects of his physical symptoms." (*Id.* at p. 13). Based on these conclusions, the Report finds "the ALJ provided clear and convincing reasons supported by substantial evidence in the record as a whole to reject Plaintiff's subjective symptom testimony." (*Id.* at pp. 15-16).

Challenging this conclusion, Plaintiff argues that, regardless of "an overall finding of substantial evidence," the ALJ violated 20 C.F.R. § 404.1529(c)(4) because he "fail[ed] to provide clear and convincing reasons for rejecting Plaintiff's subjective allegations" and did not identify any "genuine inconsistencies." (Dkt. 21 at p. 4). The Court disagrees. The ALJ concluded Plaintiff's subjective complaints are not credible because they are not consistent with the medical and other evidence. (Dkt. 10 at p. 21). In support of this conclusion, the ALJ specifically noted Plaintiff's subjective symptoms were inconsistent with the conservative treatment records, with notes of routine office visits, with objective imaging which did not show "marked abnormalities," and with Plaintiff's physical examinations which were "normal." (Dkt. 10 at p. 22). Further, the ALJ noted the record lacked any emergency, inpatient, or physical therapy records and that Plaintiff received only medication management for his symptoms. (*Id.*). Finally, the ALJ cited several medical providers' "normal" examinations of Plaintiff and imaging of Plaintiff from 2015, 2018, 2022, and 2023, which were characterized as "lack[ing] marked abnormalities." (*Id.*).

As the Report correctly notes, the ALJ's findings regarding Plaintiff's daily and work activities also support his finding that Plaintiff's subjective symptoms are not credible. *See Thomas*, 278 F.3d at 959 (noting inconsistent daily and work activities can support credibility finding). For example, the ALJ noted that Plaintiff reported he had "the ability to care for a dog,

handle personal care, prepare meals, load the dishwasher, vacuum, mow the lawn, tend to a garden, shop, drive, handle finances, play guitar, color, and paint"; testified that he "worked part time after the alleged onset date"; "was attending school full time"; and "was travelling by RV." (Dkt. 10 at p. 22). These activities are inconsistent with Plaintiff's subjective symptoms. Based on this record, the Court concludes that, contrary to Plaintiff's assertion, the ALJ complied with the requirements of § 404.1529(c)(4) and identified numerous inconsistencies in the record contradicting Plaintiff's testimony about his subjective symptoms.

### B. Dr. Metzger's Opinion

Plaintiff objects to the Report's conclusion that "the ALJ adequately articulated why he found Dr. Metzger's medical opinions unpersuasive." (Dkt. 20 at p. 21). Section 404.1520c articulates the analysis for determining whether a medical opinion is persuasive. When evaluating a medical opinion, an ALJ considers the persuasiveness of an opinion based on its supportability, its consistency, the relationship with the plaintiff, any specialization, and other factors, such as the provider's familiarity with other evidence in the record or with the disability program requirements. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors in this evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(1), (2). Consideration of these two factors is mandatory. *Tracy F. v. O'Malley*, No. 1:22-CV-00233-DCN-DKG, 2024 WL 1701572, at *8 (D. Idaho Apr. 19, 2024).

In accordance with this authority, the ALJ concluded Dr. Metzger's opinion was unpersuasive because it was both unsupported and inconsistent. Regarding supportability, the ALJ found that Dr. Metzger's "conservative treatment notes" and his "mostly normal mental status examinations" did not support his assessment that Plaintiff is "'unable to meet competitive

standards' in his mental abilities and aptitudes needed to do unskilled work." (Dkt. 10 at p. 23). In support, the ALJ cites numerous documents in the record. (*Id.*).

Plaintiff has only challenged the ALJ's supportability finding; he has not challenged the ALJ's separate finding that Dr. Metzger's assessment was also inconsistent with other evidence. As the Report correctly notes, the Ninth Circuit has ruled that an ALJ can reject an opinion as either unsupported *or* inconsistent. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). For this reason, the Report concludes any purported error in the supportability finding is harmless because "Plaintiff does not identify any error concerning the ALJ's assessment of the consistency factor." (Dkt. 20 at p. 19).

Plaintiff does not object to this harmless error conclusion but rather challenges only the Report's alternative conclusion that "the ALJ adequately evaluated the supportability of Dr. Metzger's opinion pursuant to the applicable regulations." (*Id.*; Dkt. 21 at p. 5). Plaintiff complains the Report "provid[es] a lengthy summary of evidence which could have properly underpinned the [supportability] analysis" and contends this "propping up the decision is inappropriate." (Dkt. 21 at p. 5). The Court disagrees, however, that the Report's explanation of the evidence the ALJ specifically cited in his supportability analysis is somehow an improper or "post hoc rationalization" of the ALJ's finding. Contrary to Plaintiff's Objection, ALJ's evaluation of the supportability is adequate and the Report's more detailed description of the evidence on which the ALJ's supportability finding relies is not improper.

**C. Rampton's Opinion**

Plaintiff objects to the Report's conclusion that "the ALJ's evaluation of LCPC Rampton's opinion [is] well supported by the record." (Dkt. 20 at p. 23). The ALJ found that LCPC Rampton's mental assessment is unpersuasive. (Dkt. 10 at p. 24). Plaintiff challenges this finding, asserting

ORDER ADOPTING REPORT AND RECOMMENDATION - 6

the ALJ failed to consider "the treating relationship" in violation of 20 C.F.R. § 404.1520c. (Dkt. 13 at p. 10).

Rejecting this argument, the Report correctly notes that "the ALJ is not required to make specific findings regarding relationship factors." (Dkt. 20 at pp. 21-22) (quoting *Woods*, 32 F. 4th at 792 (citing 20 C.F.R. § 404.1520c(b)(2)) ("We may, but are not required to, explain how we considered the [relationship factors] when we articulate how we considered medical opinions in your case record.") (cleaned up). Plaintiff argues this ruling "begs the question of whether the ALJ even considered the treating relationship." (Dkt. 21 at p. 6). He contends the ALJ's decision "clearly suggests [he] did not comply" with § 404.1520c(c)(3)(i)-(iv) because the ALJ failed to consider the length, frequency, and purpose of LCPC Rampton's treating relationship. (Dkt. 21 at p. 6).

Contrary to Plaintiff's argument, however, the ALJ's decision specifically acknowledges the treating relationship between Plaintiff and LCPC Rampton. For example, the ALJ notes that LCPC Rampton was "the *claimant's* therapist since October 2022" and that "the record lacks significant *treatment* notes." (Dkt. 10 at p. 24). These references indicate the ALJ did consider and understood the length, frequency, and purpose of the treating relationship.

### D. Framing the Issues

Finally, Plaintiff objects "to the manner in which [the Report] framed the issues." (Dkt. 21 at p. 2). Specifically, Plaintiff criticizes the Report for "focus[ing] on substantial evidence, to the exclusion of review of the ALJ's legal errors." (*Id.*) Contrary to this criticism, however, the Report applies the correct legal analysis for the errors which Plaintiff raised in his complaint in the context of the evidence in the record. Plaintiff cites no authority for the proposition that a court must adopt

a party's framing of the issues, and indeed, the need for clarity often requires a court to reframe the issues for analysis.

## ORDER

**IT IS HEREBY ORDERED**:

1. The Court **OVERRULES** Plaintiff's Objection (Dkt. 21), and the Report and Recommendation entered on December 30, 2024 (Dkt. 20), is **INCORPORATED** and **ADOPTED** in its entirety;

2. The decision of the Commissioner is **AFFIRMED**;

3. The Complaint for Judicial Review (Dkt. 1) is **DENIED**, and this action is **DISMISSED**, with prejudice, as outlined in the Report and Recommendation;

4. The Court will enter a separate judgment in favor of Defendant in accordance with Federal Rule of Civil Procedure 58.

DATED: March 28, 2025

Amanda K. Brailsford
U.S. District Court Judge